UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

DIANE HODGES, MARKEYTA WICKER and
KELLI WILLIAMS,

                                        Plaintiffs,

                    -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER CHARLES CARLSTROM, POLICE
OFFICER THOMAS SCHICK, POLICE OFFICER
ALISON ESPOSITOAND POLICE OFFICERS
JOHN DOE NUMBERS 1-5, UNKNOWN AND
INTENDED TO BE OTHER NEW YORK CITY
POLICE OFFICERS INVOVLED IN THE
OCCURRENCE HEREIN,

                                        Defendants.

------------------------------------------------------------------------x

**ANSWER**

05 CV 628 (AKH)

**JURY TRIAL DEMANDED**

            Defendants the City of New York, New York City Police Department, Alison

Esposito, Thomas Schick, and Charles Carlstrom by their attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, for their answer to the complaint, respectfully

allege, upon information and belief, as follows:[1]

            1.        Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiffs purport to proceed as set forth therein and deny knowledge or information

concerning plaintiffs' reasons for being in New York City and the disposition of the underlying

criminal charges.

_____

            [1] Upon information and belief the individuals sued herein as "Charles Carlstrom" has not
been served.

2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court and to proceed as set forth therein.

3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the supplemental jurisdiction of this Court.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to properly base venue as set forth therein.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      The allegations set forth in paragraph "8" of the complaint constitute legal conclusions to which no response is required, except admit that defendant Charles Carlstrom is employed by the City of New York.

9.      The allegations set forth in paragraph "9" of the complaint constitute legal conclusions to which no response is required, except admit that defendant Thomas Schick is employed by the City of New York.

10.     The allegations set forth in paragraph "10" of the complaint constitute legal conclusions to which no response is required, except admit that defendant Alison Esposito is employed by the City of New York.

11.    The allegations set forth in paragraph "11" of the complaint constitute legal conclusions to which no response is required.

12.    The allegations set forth in paragraph "12" of the complaint constitute legal conclusions to which no response is required.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that the City of New York is a municipal corporation and maintains a police department. For a general statement as to the City's responsibilities and duties with respect to the police department, defendants refer the Court to the City of New York Charter and NYC Administrative Code.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admit that plaintiffs picked up the purse.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff Wicker was arrested on October 18, 2003.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint, except admit that plaintiffs were arrested and processed on October 18, 2003.

42.     Deny the allegations set forth in paragraph "42" of the complaint, except admit that plaintiffs were arrested and processed on October 18, 2003.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny the allegations set forth in paragraph "48" of the complaint, except deny knowledge or information concerning the substance of the communications with Wicker and her family.

49.     Deny the allegations set forth in paragraph "49" of the complaint, except deny knowledge or information concerning plaintiffs' arraignment(s) and legal counsel.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and realleges the responses set forth in paragraph "1" through "58," as if fully set forth herein.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     The allegations set forth in paragraph "61" of the complaint constitute legal conclusions to which no response is required.

62.     The allegations set forth in paragraph "62" of the complaint constitute legal conclusions to which no response is required.

63.     In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62," as if fully set forth therein.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     The allegations set forth in paragraph "65" of the complaint constitute legal conclusions to which no response is required.

66.     The allegations set forth in paragraph "66 of the complaint constitute legal conclusions to which no response is required.

67.     In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "66," as if fully set forth therein.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "68" as if fully set forth herein.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "70," as if fully set forth therein.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

74.     The allegations set forth in paragraph "74" of the complaint constitute legal conclusions to which no response is required.

75.     In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "74" as if fully set forth therein.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     The allegations set forth in paragraph "77" of the complaint constitute legal conclusions to which no response is required.

78.     In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "77" as if fully set forth therein.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     The allegations set forth in paragraph "80" of the complaint are not factual averments to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

81.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

82.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

83.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

84.     Plaintiffs have failed to comply with New York General Municipal Law § 50-e.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

85.     Defendants had probable cause for plaintiffs' purported detention, arrest, search, and prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

86.     Defendants Esposito and Schick have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

87.     The purported use of force was objectively reasonable under the circumstances and justified in response to plaintiffs' conduct.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

88.     The incident complained of was provoked by plaintiffs.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

89.     The New York City Police Department is a non-suable entity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

90.     Punitive damages cannot be assessed against the City of New York.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

91.     Plaintiffs have failed to comply with General Municipal Law §§ 50(e) and 50(i).

**WHEREFORE**, defendants City of New York, New York City Police Department, Alison Esposito, Thomas Schick, Charles Carlstrom request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       May 3, 2005

                                  **MICHAEL A. CARDOZO**
                                  Corporation Counsel of the
                                      City of New York
                                  Attorney for Defendants
                                  *City of New York, NYPD, Esposito, Schick,*
                                  *and Carlstrom*
                                  100 Church Street
                                  New York, New York 10007
                                  (212) 788-0845

                                  By: _____
                                      PHILLIP KIM (PK 9384)
                                      Assistant Corporation Counsel

To:    Erika McDaniel Edwards, Esq.
        *Attorney for Plaintiffs*
        103 East 125th Street
        Suite 1102
        New York, New York 10035
        (212) 722-4900

Index No. 05 CV 638 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANE HODGES, MARKEYTA WICKER and KELLI
WILLIAMS,

                                        Plaintiffs,

            -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER CHARLES
CARLSTROM., POLICE OFFICER THOMAS SCHICK,
POLICE OFFICER ALISON ESPOSITOAND POLICE
OFFICERS JOHN DOE NUMBERS 1-5, UNKNOWN AND
INTENDED TO BE OTHER NEW YORK CITY POLICE
OFFICERS INVOVLED IN THE OCCURRENCE HEREIN,

                                        Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*NYPD, Esposito, Schick, and Carlstrom*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Phillip Kim*
*Tel: (212) 788-0845*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................., 200......*

*................................................................ Esq.*

*Attorney for ................................................................*

## DECLARATION OF SERVICE BY MAIL

       I, PHILLIP KIM, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on May 3, 2005, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiffs' attorney of record at the address set forth below, being the address designated by *plaintiffs' attorney of record* for that purpose:

       Erika McDaniel Edwards, Esq.
       *Attorney for Plaintiffs*
       103 East 125th Street
       Suite 1102
       New York, New York 10035
       (212) 722-4900

Dated:       New York, New York
       May 3, 2005

       PHILLIP KIM
       ASSISTANT CORPORATION COUNSEL